UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN HARRIS,<br><br>  Plaintiff,<br><br>  v.<br><br>L. DELAFUENTE, et al.,<br><br>  Defendants. | No.  1:24-cv-00120-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THE ACTION, WITHOUT PREJUDICE<br><br>(ECF No. 4) |

Plaintiff is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on January 26, 2024.

On January 29, 2024, the Court ordered Plaintiff to pay the $405.00 filing fee or submit an application to proceed in forma pauperis within forty-five days.  (ECF No. 3.)  Plaintiff has failed to comply with the Court's order and the time to do so has passed.  Therefore, on March 25, 2024, the Court ordered Plaintiff to show cause why the action should not be dismissed.  (ECF No. 4.)  Plaintiff failed to respond the order to show cause and the time to do so has passed.[1]  Accordingly, dismissal of the action is warranted.

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide that "[f]ailure of counsel or of a party to comply with ... any order of the Court may be grounds for the imposition by the Court of any and all sanctions ... within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that

---

[1] The January 29, 2024 and March 24, 2024 were served at Plaintiff's address of record, but were returned by the U.S Postal Office as undeliverable.  Local Rule 182(f) (service at address of record is fully effective.

1

power, may impose sanctions, including dismissal of an action. <u>Thompson v. Housing Auth., City of Los Angeles</u>, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. <u>See, e.g.</u>, <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

It appears that Plaintiff has abandoned this action. Whether he has done so mistakenly or intentionally is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

Accordingly, it is HEREBY ORDERED that the Clerk of Court shall assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to pay the filing fee, failure to prosecute, and failure to obey a court order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(1).  Within fourteen (14) days of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 19, 2024**

UNITED STATES MAGISTRATE JUDGE

2