UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN HARRIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>L. DELAFUENTE, et al.,<br><br>　　　　Defendants. | No.  1:24-cv-00120-KES-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION<br><br>(Doc. 6) |

　　　　Plaintiff Marvin Harris proceeds pro se in this civil action filed pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　Plaintiff initiated this action by filing a complaint on January 26, 2024.  Doc. 1.  On January 29, 2024, the court ordered plaintiff to apply to proceed in forma pauperis or pay the filing fee.  Doc. 2.  The order mailed to plaintiff was returned to the court marked as "Undeliverable".  *See* Docket.[1]  On March 25, 2024, the assigned magistrate judge issued an order for plaintiff to show cause within fourteen days why the action should not be dismissed for his failure to comply with a court order and failure to prosecute.  Doc. 4.  Plaintiff failed to file a

---

[1] Though the order was returned to the court as undeliverable, it was properly served on plaintiff. *See* Local Rule 182(f) ("Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party.  Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective.")

1

1  response or update his address within 63 days as required by Local Rule 183(b).  *See* Docket.[2]

2  On April 19, 2024, the assigned magistrate judge issued findings and recommendations recommending the action be dismissed for Plaintiff's failure to pay the filing fee, failure to prosecute, and failure to obey a court order.  Doc. 6.  The findings and recommendations contained notice that any objections were to be filed within fourteen days after service.  *Id*. at 2.  Plaintiff has not filed any objections and the time to do so has passed.  *See* Docket.  The findings and recommendations were also returned to the court as undeliverable.  *Id.*

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the court has conducted a de novo review of the case.  Having carefully reviewed the file, the court concludes the findings that plaintiff failed to comply with the court's orders and failed to prosecute his case are supported by the record.  However, the Ninth Circuit has held that, prior to dismissing a case as a sanction, the court should consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The court has independently considered the *Henderson* factors and finds that they weigh in favor of dismissal.  The public's interest in expeditious resolution of litigation and the court's need to manage its docket weigh in favor of dismissal because the court cannot effectively manage its docket, nor can the litigation be expeditiously resolved, if plaintiff does not litigate his case by receiving and responding to court orders.  *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.").  The court issued an order that required plaintiff to apply to proceed in forma pauperis or pay the filing fee and plaintiff has not responded to it.  Doc. 3.  The case cannot proceed as it stands.

As to the third factor, the risk of prejudice to the defendant also weighs in favor of dismissal, given that unreasonable delay in a case gives rise to a presumption of injury to the

---

[2] As of August 26, 2024, plaintiff has yet to update his address.

defendant. *See, e.g., Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).  While the fourth consideration, that public policy favors disposition of cases on their merits, generally weighs against dismissal, here it lends little support "to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted).  It has been over six months since this case was filed without any further action from plaintiff since filing the complaint and no foreseeable action from plaintiff.  The defendants will continue to be subject to greater prejudice the longer this continues, and it is plaintiff's failure to respond to the court that is impeding the progress of the case.

Finally, the court's warnings in its order to show cause issued March 25, 2024, that plaintiff's failure to comply with the court's order may result in dismissal of this action, Doc. 4, satisfies the "considerations of the alternatives" requirement.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Additionally, at this stage in the proceedings there is little else available to the court that would constitute a satisfactory lesser sanction given the court's inability to communicate with plaintiff.  *See, e.g., Gaston v. Marean*, 2020 WL 4059200, at *3 (E.D. Cal. July 20, 2020) ("given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address").

Accordingly, the Court ORDERS:

1. The findings and recommendations issued on April 19, 2024, Doc. 6, are ADOPTED IN FULL.
2. This case is dismissed without prejudice.
3. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated:   August 26, 2024

_____
UNITED STATES DISTRICT JUDGE

3